BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT TAIPEI     )   DOCKET NO. 283
INTERNATIONAL AIRPORT ON JULY 31, 1975)

OPINION AND ORDER



---

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER,* JOSEPH S. LORD, III,*
STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

---

PER CURIAM

This litigation arises from the crash of a Far Eastern Air Transport Corporation (Far Eastern) aircraft in Taipei, Republic of China. Two persons, as representatives of the estates of two passengers who died in the crash, have instituted five substantially similar actions against Far Eastern in five districts: the District of Guam, the District of Hawaii, the Central District of California, the Southern District of New York, and the District of the District of Columbia. The complaints in these five actions charge Far Eastern with negligence in the operation, maintenance and control of the aircraft.

Far Eastern moves the Panel pursuant to 28 U.S.C. §1407 for an order transferring all actions pending in districts other than the District of the District of Columbia to that

---

*Judges Becker and Lord took no part in the consideration or decision of this matter.

district for coordinated or consolidated pretrial proceedings with the action already pending there. Plaintiffs agree that transfer under Section 1407 is appropriate, but they favor the Southern District of New York as the transferee forum. We find that these actions clearly involve common questions of fact and that their transfer to the District of the District of Columbia for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Generally, we have transferred litigation arising from aircraft disasters occurring within the continental United States to the district of the situs of the crash. See, e.g., In re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, 407 F. Supp. 244 (J.P.M.L. 1976). No general rule, however, has yet emerged with respect to our selection of a transferee court in litigation involving overseas air disasters. See In re Air Crash Disaster Near Saigon, South Vietnam, on April 4, 1975, 404 F. Supp. 478, 479 (J.P.M.L. 1975). In the matter now before us, plaintiffs urge that selection of the Southern District of New York as the transferee forum will be most convenient for plaintiffs and their witnesses because, of the districts in which actions are currently pending in this litigation, that district is closest to the State of Connecticut, the residence of the decedents, their survivors and their survivors' guardians. Plaintiffs also maintain that the expense of travel to a

different forum would be adverse to their interests.

We are not persuaded by these arguments and, on balance, find that the District of the District of Columbia is the preferable transferee forum. Transfer of an action under Section 1407 does not require all discovery to occur in the transferee district. See In re Stirling Homex Corporation Securities Litigation, 405 F. Supp. 314, 316, (J.P.M.L. 1975). The depositions of plaintiffs' Connecticut witnesses may still be taken where they reside. Id. Moreover, since plaintiffs have decided to instigate five separate actions in five separate districts, we find it difficult to give much weight to their contention of hardship when a district in which they brought an action is selected as the transferee forum.

Far Eastern represents that it presently does not offer service within the United States or its territories. Far Eastern has, however, filed a petition with the Civil Aeronautics Board in Washington, D.C., for permission to initiate charter cargo flights from Taiwan to the United States. It is therefore likely that Washington, D.C. will be the only place within the United States where documents and data relating to Far Eastern's operations may be found. Thus, to the extent that discovery will be sought from the Civil Aeronautics Board, the location of that agency in the District of Columbia is a factor favoring the selection of the District of the District of Columbia as the appropriate

transferee court. See In re Air Crash Disaster Near Saigon, South Vietnam, on April 4, 1975, 404 F. Supp. 478, 480 (J.P.M.L. 1975).

Furthermore, the District of the District of Columbia has a significantly lighter civil action docket than the Southern District of New York, see Administrative Office of the United States Courts, Judicial Workload Statistics, July - December 1976, at 100, and therefore is in the position to process this litigation more expeditiously. See In re Eastern Airlines, Inc. Flight Attendant Weight Program Litigation, 391 F. Supp. 763, 764-65 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, all actions listed on the following Schedule A and pending in districts other than the District of the District of Columbia be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Joseph C. Waddy for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

SCHEDULE A

DOCKET NO. 283

| DISTRICT OF GUAM | Civil Action No. |
|---|---|
| Catherine M. Donahue, et al. v. Far Eastern Air Transport Corp., a/k/a Yuan Tung Aeronautic Co. | 76 Civ. 0031 |
| **DISTRICT OF HAWAII** | |
| Catherine M. Donahue, et al. v. Far Eastern Air Transport Corp., a/k/a Yuan Tung Aeronautic Co. | 76 Civ. 0262 |
| **CENTRAL DISTRICT OF CALIFORNIA** | |
| Catherine M. Donahue, et al. v. Far Eastern Air Transport Corp., a/k/a Yuan Tung Aeronautic Co. | 76 Civ. 2323 WMB |
| **SOUTHERN DISTRICT OF NEW YORK** | |
| Catherine M. Donahue, et al. v. Far Eastern Air Transport Corp., a/k/a Yuan Tung Aeronautic Co. | 76 Civ. 3100 |
| **DISTRICT OF COLUMBIA** | |
| Catherine M. Donahue, et al. v. Far Eastern Air Transport Corp., a/k/a Yuan Tung Aeronautic Co. | 76-1333 |

DOCKET NO. 283

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT TAIPEI INTERNATIONAL AIRPORT ON JULY 31, 1975

ORDER REASSIGNING LITIGATION

In light of the recent death of The Honorable Joseph C. Waddy, who was the transferee judge in this litigation,

IT IS ORDERED that the litigation be, and the same hereby is, reassigned to the Honorable William B. Bryant for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.

FOR THE PANEL:

John Minor Wisdom
Chairman